## WARREN HUBBARD *vs.* WARREN HUBBARD, JR.

If a grant of a homestead is made on condition "that the grantor and his wife shall be allowed to reside on said homestead during their respective natural lives, and so long as they thus reside thereon the grantee his heirs and assigns shall furnish them with a comfortable maintenance and support in sickness and in health, it being understood that the grantee his heirs and assigns with their families may also in the mean time reside on said homestead," the grantee has no right to insist that the grantor or his wife shall become a part of his family or receive their support at the table and in the apartments occupied by him; and a refusal to furnish such support in a separate room will be a breach of the condition.

WRIT OF ENTRY to recover possession of a homestead farm, containing one hundred and fifty acres, in Ludlow.  The tenant claimed title under a deed of the premises from the demandant to him, dated March 22d 1862.  That deed was made on several conditions, one of which was as follows :

" That the grantor and his wife Jane Hubbard shall be allowed to reside on said homestead during their respective natural lives, and so long as they thus reside thereon the grantee

Hubbard *v.* Hubbard.

his heirs and assigns, shall furnish them with a comfortable maintenance and support in sickness and in health, it being understood that the grantee, his heirs and assigns, with their family, may also in the mean time reside on said homestead."

At the trial in the superior court, before *Vose*, J., the demandant contended that the tenant's title was forfeited by breach of the above condition. It appeared in evidence that prior to the date of the deed the demandant and his wife had lived upon the premises, and the tenant lived elsewhere; and after that time the tenant with his family moved on to the farm and occupied the main part of the dwelling-house, and the demandant and his wife occupied a wing, keeping house there till about the 1st of June 1863, during which time the tenant furnished them with provisions and the demandant's wife cooked them. About six weeks before said first of June, the tenant insisted that the demandant's wife should no longer take her meals at a separate table, but should take them at his table. She declined to do so, and he took away all her cooking utensils and dishes for the table and refused to furnish provisions to be cooked by her. He however continued to send into the demandant's room food sufficient for him alone. For six weeks the demandant and his wife shared this allowance between them, and then she went to Amherst, and resided there a year, and he continued to take his meals in his own room until she returned; after which time they took their meals at the tenant's table till the commencement of this suit.

The tenant testified that he wished them to take their meals at his table as they had a number of persons eating and drinking at their table, and she did not manage economically; that he sent his father's meals into his room for him because he was infirm, but declined to send Mrs. Hubbard's meals to her because she was well and able to come to his table. There was no evidence that the tenant did not provide a proper table in his own family, suitable for and adapted to the condition and wants of the demandant and his wife.

The demandant contended that the tenant had no right to compel his wife to separate from him, and take her meals at the

tenant's table, and that by so doing he forfeited his title to **the** property.

The judge ruled that the deed gave to the tenant the right to direct the mode in which they should live there, provided he directed a mode and style of living consistent with their comfortable maintenance and support in sickness and in health, and that it was for the jury to determine whether the facts testified to were thus consistent; that it was incumbent on the tenant in all respects to furnish a comfortable maintenance and support; that in determining upon the evidence whether he had performed these duties they must consider the age, infirmities and wants of the demandant and his wife, whether or not their food was of suitable kind and quantity, and whether or not they could comfortably come to the tenant's table; and if they comfortably came to the tenant's table, and the food there supplied was suitable in quantity and quality, and served at reasonable and proper hours, and there was no improper treatment of them there, and nothing done or permitted there improper or unpleasant to the demandant and his wife, the tenant had a right to direct them to take their meals there; but if otherwise, then the tenant was bound to furnish their meals to them in their own room.

The jury returned a verdict for the tenant, and the demandant alleged exceptions.

*H. Morris,* for the demandant.

*G. M. Stearns,* for the tenant. The demandant asked for no special instructions, except that the tenant had no right to separate his wife from himself. He cannot therefore except to the instructions which were given, if they were right as far as they went. The tenant by his deed was called on to allow the demandant and his wife to reside on the premises, and to furnish them with a comfortable support there. He was not bound to allow them to set up a separate establishment and live in family state there, but simply to live, dwell and have their abode there. As the demandant provided in his deed that his support should be on the premises, it follows that he was to take it subject to the rights of ownership, dominion and control which passed by

the deed to the grantee. *Dearborn* v. *Dearborn*, 9 N. H. 117. The instructions of the court prohibited anything that was even " unpleasant." Now if the conduct of the tenant and the request of the demandant were both reasonable, which should govern? One of them must control. The estate is not to be taken away if the tenant has reasonably complied with his duty. The jury have found that his conduct was reasonable.

HOAR, J. The court are all of opinion that a breach of the condition of the deed to the tenant was proved at the trial, and that the demandant was entitled to recover the demanded premises. By the first condition, the grantee was to allow the grantor and his wife to reside on the premises during their natural lives; and so long as they should so reside to furnish them a comfortable maintenance and support in sickness and health, it being understood that the grantee his heirs and assigns may in the mean time also reside thereon. We do not think the language of this condition can be properly construed to import an obligation on the demandant and his wife to constitute a part of the family of the tenant, his heirs or assigns. It imposed upon the tenant the obligation to furnish a reasonable and proper part of the house for the residence of the demandant. The provision that the grantee and his heirs and assigns might also reside upon the premises could not be intended to mean that they should occupy the same apartments. On the contrary, it would imply that, but for that express provision, the residence of the grantor and his wife would have been exclusive. It cannot be supposed that it was intended that they should be required to form a part of the family of any persons to whom the grantee might at any time choose to grant the estate; who might be strangers, with whom they had no acquaintance or sympathy, and whose character, habits or manners might be disagreeable to them. Yet this would follow, if they could be required to receive their support at the table and in the apartments occupied by the tenant.

It has been held in several cases, where a provision for the maintenance and support of persons has been made by a deed or will, and no express direction given where or how it should be furnished, that the person entitled to receive it had a right to

require it to be furnished at any place which he might select, **if** it could be supplied there without needless or unreasonable expense. *Wilder* v. *Whittemore*, 15 Mass. 262. *Crocker* v. *Crocker*, 11 Pick. 252. *Thayer* v. *Richards*, 19 Pick. 398. *Pettee* v. *Case*, 2 Allen, 546. Applying the principles stated in those decisions to the case at bar, although here there is no obligation to furnish the support except while the demandant and his wife reside upon the homestead, it would seem that this is the only limitation; that maintenance and support mean the means of support in reasonable supply, to be enjoyed by them in such manner as they should find most conducive to their comfort, while residing upon the farm. And we think especially that a refusal to furnish the wife with food, unless she would take it separate from her husband, and at the tenant's table, was a plain violation not only of the letter but of the spirit and intent of the condition, and imposed a restriction upon the right secured which the tenant had no power to attach to it.

*Exceptions sustained.*